UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RENZER BELL,

          Plaintiff,

-vs-                                    Case No. 6:05-cv-355-Orl-19JGG

BRAY AND GILLESPIE, LLC, OCEANS
RESORTS, INC.,

          Defendants.

_____

ORDER

This cause came on for consideration without oral argument on the following motions:

| MOTION: | DEFENDANT OCEANS RESORTS' MOTION FOR SANCTIONS (Doc. No. 61) |
|---|---|
| FILED: | February 8, 2006 |

THEREON it is ORDERED that the motion is GRANTED in part and DENIED in part.

| MOTION: | PLAINTIFF'S MOTION FOR SANCTIONS (Doc. No. 75) |
|---|---|
| FILED: | March 14, 2006 |

THEREON it is ORDERED that the motion is DENIED.

Defendant Oceans Resorts, Inc. ("Oceans Resorts") seeks sanctions against Plaintiff Renzer Bell, proceeding *pro se*, for Plaintiff's failure to produce discovery and comply with this Court's order compelling discovery. Docket No. 61. Plaintiff Bell, in a memorandum titled "Affidavit in

Opposition to the Motion and In Support of Cross-Motion," requests sanctions against all Defendants in this action for their delay in producing witnesses for deposition and for seeking allegedly unfounded protective orders. Docket No. 75.

I.   THE LAW

The purpose of discovery is to obtain the disclosure all relevant information so that disputed issues are resolved fairly and justly in the light of a full and accurate understanding of the facts. *United States v. The Procter & Gamble Co.*, 356 U.S. 677, 682 (1958); *Hickman v. Taylor*, 329 U.S. 495, 500 - 501 (1947). Discovery should operate with minimal judicial supervision. Discovery is accomplished voluntarily — that is, the parties disclose relevant information without the need for court orders compelling disclosure. In this manner, lawyers do their duty as officers of the court seeking the truth. *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1546 (11th Cir. 1993); *Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 799 F.2d 1510, 1521 - 23 (11th Cir. 1986).

A party may serve on any other party written interrogatories and requests to produce, and the party on whom the interrogatories or requests are served must serve written responses (including any objections) within thirty days after service. Fed. R. Civ. P. 33(b)(3), 34(b). If a party must seek relief from the court to compel a party to respond to discovery requests, the court "shall" require non-responsive party to pay to the movant reasonable expenses, including attorney's fees, incurred in compelling responses. Fed. R. Civ. P. 37 (a)(4)(A). The court must give the non-moving party a reasonable opportunity to be heard, and has the discretion not to order payment if the court finds that the party seeking discovery did not make a good faith effort to resolve the dispute before filing the

motion, or that the opposing party's failure to provide discovery was "substantially justified, or that other circumstances make an award of expenses unjust." *Id.*

When a party fails to obey a <u>court order</u> to provide discovery, the district court may impose sanctions, including the sanction of dismissal. Fed. R. Civ. P. 37(b)(2). Rule 37(b)(2) provides, in relevant part, that the Court may issue:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance wit the claim of the party obtaining the order:
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence:
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party:
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

*Id.* Unexcused failure to comply with a court order compelling discovery is "treated by the [c]ourt with special gravity and disfavor." *Middle District Discovery (2001)* at 3, ¶ IE(3).

## III. APPLICATION

Defendant Oceans Resorts served, by U.S. mail, to Plaintiff Bell's address its First Set of Interrogatories and First Request for Production of Documents on August 3, 2005. Docket No. 44-1 at 2, 61-1. Having received no response, Oceans Resorts contacted Bell who stated that he did not receive Defendant's discovery requests. On October 4, 2005, Oceans Resorts sent, by Federal Express, another copy of its discovery requests. Bell did not respond within thirty days, but asked Oceans Resorts for an extension <u>after</u> it informed Bell that his responses were past due. Docket No. 44-1 at 2. Oceans Resorts agreed to a one-week extension to November 10, 2005. On November 11,

2005, Oceans Resorts agreed to another extension to November 18, 2005. Again, having received no response from Bell, Oceans Resorts contacted Bell who stated that he would address discovery issues in a letter to Oceans Resorts. *Id.*

As Oceans Resorts did not receive the letter or any other response to its discovery requests, Oceans Resorts filed a motion to compel responses to its First Set of Interrogatories and First Request for Production of Documents on November 28, 2005. Docket No. 44. In its motion, Oceans Resorts also requested for attorney's fees and costs incurred in filing the motion to compel. *Id.* at 3. Bell never filed a memorandum in opposition, and the Court granted the motion to compel as unopposed.[1]

Bell never responded to Oceans Resorts' discovery requests. On February 8, 2006, Oceans Resorts filed the motion for sanctions, pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, asking that the Court: 1.) hold Bell in contempt of this Court's order[2] to provide discovery; 2.) grant Oceans Resorts' attorney's fees and costs incurred in seeking responses to its discovery requests; 3.) order Bell to respond to Oceans Resorts' outstanding discovery requests within ten days of an order on the motion for sanctions; 4.) "prohibit Bell from serving any further discovery requests, [and] filing any further motions or other documents seeking any kind of relief . . . until he fully and

---

[1] Bell filed, and the Court denied, a motion to reconsider the Court's order granting the motion to compel as unopposed. Docket Nos. 51, 55. In a "Motion to Vacate," Bell stated that from the time "just prior to November 29, 2005" to the date of the motion to vacate (December 29, 2005) he "had a diminished capacity to complete tasks" as a result of his grandmother's ill health and passing on December 12, 2005. Docket No. 52 at 2. Bell also enumerates what he views are deficiencies in Defendants' responses to his discovery requests, but never explains when or if he will provide responses to Oceans Resorts' discovery requests. Defendant Oceans Resorts responded that while it was sympathetic for the illness and death of Bell's grandmother, Bell did not adequately demonstrate why he did not provide discovery prior to November 29, 2005 and why he did not seek an extension of time to respond to the motion to compel, particularly in light of Bell's December 2005 filings in four other pending federal cases. Docket No. 54.

[2] Oceans Resorts claims that Bell ignored two Court orders to provide responses to discovery, and cites the Court's denial of Bell's motion to vacate the Court's previous order compelling discovery as a Court order to compel discovery. Docket No. 61-1 at 1, 3. The Court's only order to compel discovery is the Court's order granting as unopposed the motion to compel at Docket No. 50.

-4-

completely responds to [Oceans' Resorts outstanding discovery requests]"[3]; and 5.) place Bell "on notice" that failure to comply with the Court's order will result in dismissal of his amended complaint. Docket No. 61-1 at 12.

On March 14, 2006, Bell filed an "Affidavit in Opposition to Motion and In Support of Cross-Motion" in which Bell asks the Court to deny Oceans Resorts motion for sanctions and requests that the Court sanction all Defendants. Docket No. 75. Bell mainly argues that Defendants have refused to produce witnesses for depositions, that Defendants' motions for protective order related to those witnesses have been unjustified, and that his own motions for reconsideration of the Court's order compelling discovery have been justified. *Id.* According to Bell, the Court should deny Oceans Resorts' motion for sanctions, or impose sanctions on Defendants in order to ensure "mutuality of remedies and equal protection under the law" as Defendants have delayed in scheduling witnesses for deposition. *Id.* at 5. He never addresses why he has not responded to Oceans Resorts' discovery requests.[4]

Six months after Oceans Resorts sent Bell its discovery requests for the second time, four months after this Court ordered Bell to respond to the discovery requests, and two months before the

---

[3] Oceans Resorts also asked that the Court relieve it of any obligation to respond to Bell's "Notice of Motion and Demand for Oral Argument on the Instant Motion" (filed at Docket No. 62). The Court denied Bell's motion on April 3, 2006 (Docket No. 88), so Oceans Resorts' argument and request are moot.

[4] As Bell chose to combine his memorandum in opposition with his own motion for sanctions and focus principally on Defendants' behavior during discovery (rather than explain why he has ignored discovery requests and a Court order to provide discovery), the Court gave Bell the benefit of the doubt and intended to treat his "Affidavit in Opposition to Motion and In Support of Cross-Motion" (Docket No. 75) as Bell's motion for sanctions and not his response to Oceans Resorts' motion for sanctions. *See* Docket No. 90 (granting Bell's motion for extension of time to respond to an unspecified Defendant motion as a late motion for extension of time to respond to Oceans Resorts' motion for sanctions in light of Bell's *pro se* status and the severity of sanctions sought). Bell, however, confirms that his Affidavit at Docket No. 75 is his only response to Oceans Resorts' motion for sanctions, and that Defendant's motion is currently "ripe for determination." Docket No. 95-1 at 2.

close of discovery, Bell still has not produced any discovery. In addition, instead of belatedly providing discovery or an explanation for his failure to respond, Bell merely points to Defendants' allegedly dilatory behavior as a way of justifying his own. Defendants' actions do not, in any manner, relieve Plaintiff of his obligations to participate in the discovery process and comply with the Federal Rules of Civil Procedure, the Local Rules, and this Court's orders. *Pro se* litigants who ignore discovery orders are subject to sanctions "like any other litigant." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (affirming dismissal of an action brought by plaintiff, proceeding *pro se* and *in forma pauperis*, for failure to comply with court order).

Accordingly, Oceans Resorts' motion for sanctions is **GRANTED** in part pursuant to Fed. R. Civ. P. 37(a)(4)(A) and 37(b)(2). Bell shall pay Defendant Oceans Resorts reasonable attorney's fees and costs incurred in filing Oceans Resorts' motion to compel (Docket No. 44) and motion for sanctions (Docket No. 61). Bell is also ordered to serve responses to Oceans Resorts' First Set of Interrogatories and First Request for Production of Documents on or before Friday, April 21, 2006.[5] Failure to comply with this order or any other Court order may result in the imposition of further sanctions or the dismissal of all or part of the case.

Oceans Resorts, in its motion, asks the Court for leave to file and serve affidavits on attorney's fees and costs. This request is denied without prejudice. The Court orders parties to make a good faith effort to agree on a reasonable amount to be paid in compliance with this order. All other requests in Oceans Resorts' motion are **DENIED**.

---

[5] Bell need only serve the responses on Defendant Oceans Resorts. Parties should not file discovery materials with the Court. *See* Local Rule 3.03 at Docket No. 25 at 3, ¶ IB.

In addition, Bell's "cross-motion" for sanctions (Docket No. 75) is **DENIED** on the merits and for failure to comply with Local Rule 3.01. The motion fails to comply with Local Rule 3.01(g) (certificate of conference) and fails to show sufficient reason to sanction Defendants. Furthermore, as parties must seek permission to file a reply under Local Rule 3.01(b), a request for relief should not be buried in a response.

Therefore, it is **ORDERED** that:

1.) Defendant Oceans Resorts' Motion for Sanctions (Docket No. 61) is **GRANTED** in part and **DENIED** in part; Plaintiff Bell is ordered to pay Oceans Resorts reasonable attorney's fees and costs incurred in filing the motion to compel (Docket No. 44) and motion for sanctions (Docket No. 61);

2.) Plaintiff Bell shall serve responses to to Oceans Resorts' First Set of Interrogatories and First Request for Production of Documents on or before Friday, April 21, 2006; and

3.) Plaintiff's Motion for Sanctions (Docket No. 75) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on April /0, 2006.

_____
James G. Glazebrook
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties